IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LORENZO ESCUDERO, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION NO. 5:18-CV-00143-RWS-CMC** |
| | § | |
| v. | § | |
| | § | |
| A. JORDAN, DAVID GUTIERREZ, PAMELA THEILKE, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Lorenzo Escudero, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. The Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On December 12, 2018, the Magistrate Judge ordered Plaintiff to pay an initial filing fee of $29.00, in accordance with 28 U.S.C. § 1915(b). Docket No. 4. His pleadings show he had notice of this order no later than January 3, 2019. *See* Docket No. 7 at 3.

Instead of complying with the order, Plaintiff filed multiple pleadings objecting to the referral of the case to the Magistrate Judge. *See generally* Docket Nos. 6, 7. In these pleadings, he argued: magistrate judges are not authorized by law; standing orders of referral are unconstitutional; the Prison Litigation Reform Act is unconstitutional and violates numerous Supreme Court precedents including *Chisholm v. Georgia*, 2 U.S. 419 (1793) and *Martin v.*

*Hunter's Lessee*, 14 U.S. 304 (1816) and Plaintiff is not a corporation and therefore has no assets.[1] Plaintiff also contended he did not file a lawsuit under 42 U.S.C. § 1983 because he filed a "declaration of complaint of constitutional violations," and he is not representing himself because he is not an attorney, but instead is coming *in propria persona* (i.e., representing himself) for the lawful exercise of his rights.

More than seven months after ordering Plaintiff to pay the initial filing fee, the Magistrate Judge issued a Report recommending the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Docket No. 10.

Plaintiff filed objections, reiterating his previous themes. *See* Docket No. 14. In these objections, he asserts: he has no knowledge of the English language and no knowledge of the law; he is not proceeding *pro se* because he is proceeding as a natural person seeking to vindicate his inalienable rights; the referral of the case to the Magistrate Judge overrules the Constitution and the Supreme Court; the Magistrate Judge is impersonating a United States District Judge and is not a judge under the supreme law of the land; the Magistrate Judge's Report is counterfeit judicial process; the Prison Litigation Reform Act is unconstitutional; the order for an initial partial filing fee amounted to coercion and duress; the TDCJ inmate trust account lists his name in all capital letters which is a fictional identity and not the same as him; the Magistrate Judge is biased; and he is not a corporation and has no assets.

The Court conducts a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified

---

[1] Despite his assertions, the data sheet attached to Plaintiff's motion for leave to proceed *in forma pauperis* shows he received monthly deposits into his inmate trust account ranging from $40.00 to over $200.00 and he had a current balance of $168.85.

proposed findings or recommendations to which objection is made."). Upon review, it is clear none of these objections have any merit whatsoever.

Plaintiff's ignorance of the law does not excuse him from complying with the statutory requirement of paying a filing fee. Proceeding *pro se* simply means Plaintiff is representing himself without an attorney. Referrals to United States Magistrate Judges are authorized by 28 U.S.C. § 636 and are not unconstitutional. *See, e.g.*, *Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir. 1975) (rejecting claim of unconstitutionality in the referral of a prisoner petition to the magistrate judge); *Corbett v. United States*, No. 2:11-cv-00325, 2014 WL 1783599 (S.D.W. Va., May 5, 2014) (same). Plaintiff's claims that the Magistrate Judge is "impersonating a district judge" and "is not a judge under the supreme law of the land" have no basis.

Title 28 U.S. Code § 1915 requires prisoners bringing civil actions to pay filing fees, including an initial filing fee. The constitutionality of the Prison Litigation Reform Act, including the fee provision, has been repeatedly upheld. *Miller v. Harris County, Texas*, 396 F. App'x 77, 79 (5th Cir. 2010); *Norton v. Dimazana*, 122 F.3d 286, 290–91 (5th Cir. 1997). The typing of Plaintiff's name in all capital letters has no legal significance and does not change the identification of him in legal documents. *See, e.g.*, *Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008); *Greathouse v. United States*, No. 9:09-cv-36, 2009 WL 3431391 (E.D. Tex. Oct. 20, 2009). Plaintiff offered nothing to suggest bias on the part of the Magistrate Judge. The inmate trust account data sheet, which Plaintiff provided, showed he had ample resources to pay the initial partial filing fee, and Plaintiff has not shown how the fact he is not a corporation is relevant.

Plaintiff presents no substantive, non-frivolous arguments demonstrating error on the part of the Magistrate Judge. He does not address the Magistrate Judge's conclusion that he failed to prosecute and failed to obey an order of the Court except the meritless assertions. Accordingly,

the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is therefore

**ORDERED** Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 10) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court.

**So ORDERED and SIGNED this 18th day of September, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE